## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN-MICHAEL SMITH, <br><br> Plaintiff, <br><br> v. <br><br> FINJAN HOLDINGS, INC., DANIEL CHINN, ERIC BENHAMOU, GLENN DANIEL, JOHN GREENE, HARRY KELLOGG, GARY MOORE, ALEX ROGERS, and MICHAEL SOUTHWORTH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **CASE NO.:** <br> ) <br> ) **COMPLAINT FOR** <br> ) **VIOLATIONS OF** <br> ) **FEDERAL SECURITIES LAWS** <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) <br> ) |

Plaintiff Jan-Michael Smith ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:.

### NATURE AND SUMMARY OF THE ACTION

1.     Plaintiff brings this action against Finjan Holdings, Inc. ("Finjan" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.143-9(d), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which Finjan will be acquired by Fortress Investment Group LLC ("Fortress"), through Fortress' affiliates CFIP Goldfish Holdings LLC ("Parent") and CFIP Goldfish Merger Sub Inc. ("Merger Sub") (the "Proposed Transaction").

2.      On June 10, 2020, Finjan entered into an Agreement and Plan of Merger with Fortress (the "Merger Agreement"), pursuant to which Merger Sub will be merged with and into Finjan, with Finjan surviving as a wholly owned subsidiary of Parent.  Pursuant to the terms of the Merger Agreement, each stockholder of Finjan common stock will be entitled to receive $1.55 in cash per share of Finjan common stock.  The Tender Offer is scheduled to expire at 12:00 midnight, New York City time, at the end of July 22, 2020.

3.      On June 24, 2020, in order to convince Finjan's common stockholders to tender their shares, defendants authorized the filing of a materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. The Recommendation Statement, omits or misrepresents material information concerning, among other things: (i) Finjan management's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Atlas Technology Group, LLC ("Atlas"); (ii) the background of the Proposed Transaction; and (iii) Company insiders' potential conflicts of interest.  Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(e) and 20(a) of the Exchange Act.

4.      It is imperative that the material information that has been omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.  To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until the material information discussed below is disclosed to Finjan's stockholders.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9.

6.      Personal jurisdiction exists over each defendant either because each has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendants by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Moreover, Finjan common stock trades on the NASDAQ Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Finjan.

9.      Defendant Finjan is a Delaware corporation with its principal executive offices located at 2000 University Avenue, Suite 600, East Palo Alto, CA 94303.  Finjan is a globally recognized pioneer in cybersecurity. Finjan's inventions are embedded within a strong portfolio of patents focusing on software and hardware technologies used to proactively detect previously unknown and emerging threats on a real-time, behavior-based basis.  Finjan's common stock is traded on the NASDAQ Capital Market under the ticker symbol "FNJN."

10.     Defendant Daniel Chinn ("Chinn") is, and has been at all relevant times, a director of the Company.

11.     Defendant Eric Benhamou ("Benhamou") is, and has been at all relevant times, a director of the Company.

12.     Defendant Glenn Daniel ("Daniel") is, and has been at all relevant times, a director of the Company.

13.     Defendant John Greene ("Greene") is, and has been at all relevant times, a director of the Company.

14.     Defendant Harry Kellogg ("Kellogg") is, and has been at all relevant times, a director of the Company.

15.     Defendant Gary Moore ("Moore") is, and has been at all relevant times, a director of the Company.

16.     Defendant Alex Rogers ("Rogers") is, and has been at all relevant times, a director of the Company.

17.     Defendant Michael Southworth ("Southworth") is, and has been at all relevant times, a director of the Company.

18.     Defendants identified in paragraphs 10 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19.     Fortress is a leading, highly diversified global investment manager with approximately $43.5 billion of assets under management as of December 31, 2019. Founded in 1998, Fortress manages assets on behalf of over 1,750 institutional clients and private investors worldwide across a range of credit and real estate, private equity and permanent capital investment strategies.

20.     Parent is a Delaware corporation and wholly owned subsidiary of Fortress.

21.     Merger Sub is a Delaware corporation and wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Company Background**

22.     Finjan is a pioneer in cybersecurity focused in three business lines: intellectual property licensing and enforcement, mobile security application development, and investing in cybersecurity technologies and intellectual property.   Licensing and enforcement of the Company's cybersecurity patent portfolio is operated by its wholly-owned subsidiaries, Finjan, Inc. and Finjan Blue, Inc. ("Finjan Blue").   The Company's mobile security business is operated through its wholly-owned subsidiary Finjan Mobile, Inc. ("Finjan Mobile").   Finjan, Inc. became a wholly owned subsidiary of Finjan in June 2013.

23.     Founded in 1997, Finjan, Inc. developed software and hardware-based web and network security technologies capable of detecting previously unknown and emerging threats on a real-time, behavior-based, basis, in contrast to signature-based methods of intercepting only known threats to computers.   The older, signature-based methods were standard in the web and network security industry during the 1990s.   Finjan invested heavily in research and development of its technologies as well as in protecting its innovations by securing patents covering them.   As the web and endpoint security industries - known as cybersecurity - have transitioned to behavior-based detection of malicious code, Finjan believes that its patented technologies continue to be widely used, without license, by third parties in a number of market segments.

24.     During the years ended December 31, 2017, 2018 and 2019, Finjan generated revenue from its cybersecurity business of approximately $50.5, $82.3 million and $13.2 million, respectively.

25.     On May 13, 2020, the Company announced its first quarter 2020 financial results and key highlights, reporting revenue for the first quarter totaling $3.8 million compared to no revenue for the same period the prior year.   Net loss to the Company in the first quarter of 2020

was $4.2 million, or ($0.15) per share as compared to net loss of $6.0 million or ($0.22) per share for the same period the year prior.  Finjan ended the quarter with approximately $32.0 million in cash.

**The Proposed Transaction**

26.     On June 10, 2020, Finjan issued a press release announcing the Proposed Transaction.  The press release stated, in relevant part:

EAST PALO ALTO, Calif., June 10, 2020 -- Finjan Holdings, Inc. (NASDAQ: FNJN) (Finjan) today announced that it has entered into a definitive agreement (the "Merger Agreement") pursuant to which affiliates of Fortress Investment Group LLC (collectively "Fortress") would acquire all outstanding shares of Finjan common stock for $1.55 per share in cash (the "Transaction"), representing an aggregate equity value of approximately $43.9 million. Finjan, a recognized pioneer in the development of cybersecurity technologies, will maintain its brand and business model post-transaction, licensing and enforcing a substantial patent portfolio that has been consistently upheld by courts and patent offices.

Under the terms of the Merger Agreement, Fortress will commence a tender offer to purchase all the outstanding shares of Finjan's common stock for $1.55 per share in cash. The closing of the tender offer is subject to customary conditions, including the tender of a majority of the outstanding shares of Finjan's common stock. Following successful completion of the tender offer, Fortress will acquire all remaining shares not tendered in the offer through a merger at the same price as in the tender offer.

Finjan's Board of Directors unanimously approved the Merger Agreement and recommends that shareholders tender their shares.  In connection with the Merger Agreement, directors and officers of the Company, together with shareholders, in the aggregate holding approximately 28 percent of the outstanding shares of common stock of the Company, have agreed to tender their shares in the offer pursuant to support agreements.

The Transaction is not subject to any financing condition and is expected to close in the third quarter of 2020.

Daniel Chinn, Chairman of Finjan Holdings, stated, "The Board of Directors thoroughly evaluated all of our strategic options, giving careful consideration to the current unprecedented and uncertain environment, and we believe that this transaction will provide the best outcome for Finjan and its stockholders. We appreciate the continued patience of our investors and employees and thank them

for their support.  We recommend all shareholders to tender their shares in the offer."

Phil Hartstein, President and Chief Executive Officer of Finjan, commented, "We believe that this transaction strengthens our ability to continue executing our business model, particularly while facing unpredictable timelines in the court system and a challenging macro-economic environment. The acquisition enables Finjan to continue to pursue our licensing mission and expand our reputation and credibility on policy related initiatives, while providing us greater resources and opportunities as a Fortress portfolio company."

Eran Zur, Managing Director and head of the Fortress IP Finance Group, commented, "Finjan pioneered many of the technologies that underpin how companies protect their networks from cyberattacks. Finjan had the foresight to patent its innovations and its patent portfolio has been repeatedly upheld by courts and patent offices while being widely licensed to industry players.  Fortress and Finjan share a strong belief in the importance of preserving a patent system that allows innovators to earn a fair return on their investment and we look forward to supporting Finjan as it moves forward with its licensing program."

## The Recommendation Statement Omits Material Information

27.     On June 24, 2020, defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Finjan's stockholders.  The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction or seek appraisal.

28.     *First*, the Recommendation Statement omits material information regarding Company management's financial projections relied upon by Atlas for its analyses.

29.     The Recommendation Statement fails to set forth Company management's basis for updating the April Projections on May 27, 2020, as well as a description and quantification of the revisions made.

30.     Additionally, in connection with Atlas' Discounted Cash Flow Analysis ("DCF"), the Recommendation Statement fails to disclose the Company's unlevered cash flows for the

remainder of the year ending December 31, 2020 for each of the "April Projections" and "May Projections" that Atlas used in its DCF.

31.     **Second**, the Recommendation Statement fails to disclose material information regarding Atlas' fairness opinion and financial analyses.

32.     With respect to Atlas's DCF, the Recommendation Statement fails to disclose: (i) the unlevered free cash flows for the Company for the remainder of calendar year 2020 and for calendar years 2021 through 2024 that form the basis of the analysis; (ii) the range of discount rates utilized by Atlas to derive the implied per share range of $1.27 to $1.68 and quantification of the inputs used to derive the range of discount rates; and (iii) the range of illustrative enterprise values Atlas derived for the Company.

33.     **Third**, the Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

34.     The Recommendation Statement fails to disclose whether the confidentiality agreement Finjan entered into with Party B, as amended on November 14, 2019, includes a "don't-ask-don't-waive" ("DADW") standstill provision and whether Finjan entered into any confidentiality agreements with any of the other bidders Atlas contacted in May 2019 that include DADW provisions that prevent any of those potentially interested bidders from submitting a topping offer for the Company.

35.     Additionally, the Recommendation Statement fails to disclose the specific details contained in Party B's February 3, 2020 letter, indicating that Party B wished to deal directly with the Board and not the Transaction Committee regarding a potential transaction with the Company.

36.     Moreover, the Recommendation Statement fails to disclose the results of Company management's liquidation value analysis requested by the Board on April 5, 2020 and shared with the Transaction Committee.

37.     **Finally**, the Recommendation Statement fails to disclose material information concerning the potential conflicts of interest faced by the Company's insiders.

38.     The Recommendation Statement fails to disclose whether any of Finjan's executive officers or directors has secured employment with the Company upon completion of the Proposed Transaction.   Moreover, the Recommendation Statement fails to set forth the details of all employment and retention-related discussions and negotiations that occurred between Fortress and Finjan executive officers and directors, including who participated in all such communications, when they occurred and their content.  The Recommendation Statement further fails to disclose whether any of Fortress's proposals or indications of interest mentioned management retention.

39.     In sum, the omission of the above-referenced information renders the Recommendation Statement materially incomplete and misleading, in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Finjan stockholders will be unable to make an informed decision whether to tender their shares in the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### Claims Against All Defendants for Violations
### of Section 14(d) of the Exchange Act and SEC Rule 14d-9

27.     Plaintiff repeats all previous allegations as if set forth in full.

28.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Finjan stockholders to tender their shares in the Offer.

29.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

30.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

31.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

32.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Finjan, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations
### of Section 14(e) of the Exchange Act

33.     Plaintiff repeats all previous allegations as if set forth in full.

34.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer commenced in conjunction with the Proposed Transaction.

35.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer commenced in conjunction with the Proposed Transaction.

36.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek to exercise his appraisal rights.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

37.     Plaintiff repeats all previous allegations as if set forth in full.

38.     The Individual Defendants acted as controlling persons of Finjan within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Finjan and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or

indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

39.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

40.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

41.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

42.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Finjan, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to disseminate a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.


## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  July 9, 2020

By  */s/ William B. Federman*
**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
Fax: (405) 239-2112
-and-
212 W. Spring Valley Road
Richardson, Texas 75081

*Attorneys for Plaintiff*